# CASES

# APPELLATE COURTS OF ILLINOIS.

### THIRD DISTRICT—MAY TERM, 1900.

## Henry Schmitz v. Wilbert Ort.

1. NUISANCES—*Ditches and Drains.*—Where water, which does not naturally flow that way, is cast upon premises without the owner's consent, such owner may, if he can do so without a breach of the peace, lawfully obstruct the wrongful flow of such water upon his premises.

**Action for Obstructing Ditches.**—Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900. Rehearing denied November 27, 1900.

MILLER & WILLIAMS and D. E. MACK, attorneys for appellant.

APOLLOS W. O'HARRA, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was commenced before a justice of the peace by appellee against appellant to recover damages for the alleged wrongful obstruction of a drain or ditch upon the lands of the former and the case was appealed to the Circuit Court, where the trial by jury ended in an instruction by the court directing a verdict finding the issues for the appellee, with damages at one cent, whereupon, after overruling appel-

lant's motion for a new trial, the court gave judgment against him upon the verdict, from which this appeal is brought, and to effect a reversal of the judgment appellant insists that in such action of the court in directing a verdict at the instance of appellee and in the rejection of certain evidence there is manifest error.

The parties are adjoining farm owners. Appellee opened a ditch upon his own land and discharged the water therefrom through a hedge row or fence into a ditch upon the public highway, and the waters ran from thence along the highway drain, from which they were discharged upon the land of appellant in considerable quantity, described by him as four inches in volume, and, as he contends, thereby created a nuisance upon his lands, and upon the premises about his barn. Appellant's insistence is that such waters were diverted from their natural course of drainage, and but for the ditch appellee had constructed, none of them would flow upon his premises. Appellant obstructed appellee's drain at the road or hedge row; appellee removed the obstruction, but it was as often renewed by appellant, whereupon appellee brought this suit to recover for such acts of appellant in so obstructing the ditch.

Upon the trial of the cause the court rejected evidence offered by appellant as to the natural flow or course of the water, although it was contended by appellee the water naturally flowed as he had drained it, which was denied by appellant.

In this ruling the court doubtless entertained the view, and proceeded upon that theory, that independently of the natural flow of the water, appellant had no right to obstruct the drain under any conditions. At the close of all the evidence, at the instance of appellee, the court instructed the jury to find the issues for the appellee and assess the damages at one cent. In the rejection of the offered evidence and directing the verdict we think the court erred.

If the waters that were cast upon the appellant's premises by means of the ditch made by appellee did not naturally flow that way, appellee had no right to drain

them there without the consent of appellant. This principle is so well established and familiar as not to need the citation of authorities in support of it. If the waters so cast upon the premises did not naturally flow there, that would be conclusive proof that the general course of drainage had been departed from. If appellant could, as he did, without a breach of the peace, obstruct such wrongful flow of the water upon his premises, he had the lawful right to do so. This principle, if possible, is even more familiar than the previous one. In Calef v. Thomas, 81 Ill. 480, the court, in discussing this subject, said, citing from Blackstone:

"The principles of the law applicable to the case, are, in the main, well settled and familiar to the profession. Blackstone says a private nuisance is 'anything done to the hurt or annoyance of the lands, tenements or hereditaments of another.' Book 3d (Sharswood's edition), 214, side 216. And in the same book, at page 5, he also says 'whatsoever unlawfully annoys or doth damage to another is a nuisance, and such nuisance may be abated, that is, taken away or removed by the party aggrieved thereby, so as he commits no riot in the doing of it. But in order to justify the removal it must appear that the obstruction was wrongfully incumbering his premises, and that he therefore removed it, doing no unnecessary damage. If it appears that he unnecessarily destroyed it or appropriated it to his own use the justification fails. Waterman on Trespass, Sec. 684."

The evidence, therefore, that was offered by appellant, and rejected by the court, tending to prove that appellee had wrongfully diverted the water from the natural course of drainage, and caused it to be cast upon his premises, was material to prove that such water was wrongfully incumbering his premises, so that it might appear, if such was the fact, that he removed the cause of such incumbrance, doing no unnecessary damage to appellee.

Therefore the question whether such waters had been wrongfully diverted from their natural course, and wrongfully cast upon appellant's premises, was a material question of fact, which ought to have been submitted to the jury under proper instructions, and if upon that issue they

had found for appellant he should be acquitted of the alleged trespass, otherwise he should be found guilty and the damages assessed against him.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.